IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRADARIO BRIM,

                    Plaintiff,

         v.                                          OPINION & ORDER

CHAPLAIN MIKE DONOVAN, CORR. OFFICER II                    15-cv-658-jdp
FRAPPIER, and SCOTT ECKSTEIN,

                    Defendants.

---

Pro se plaintiff Fradario Brim, a prisoner incarcerated at the Green Bay Correctional Institution (GBCI), is proceeding on claims that defendants Chaplain Mike Donovan, Correctional Officer II Frappier, and Scott Eckstein violated his free exercise and free speech rights under the First Amendment and his religious rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). Brim alleges that defendants prevented him from attending Islamic prayers and study groups, fasting during Ramadan, and maintaining a Halal diet.

Before the court is defendants' unopposed motion for summary judgment dismissing Brim's claims against Frappier based on Brim's failure to exhaust his administrative remedies. Dkt. 14. Because Brim has not responded to defendants' motion, I will accept the administrative exhaustion record defendants filed in support of their motion as undisputed. Fed. R. Civ. P. 56(e)(2). After considering the record, I conclude that Brim exhausted his administrative remedies for his claims, so I will deny defendants' motion for summary judgment.

## UNDISPUTED FACTS

I draw the following facts from defendants' submissions in support of their motion and the court's July 1, 2016 screening order, Dkt. 7.

While incarcerated, Brim has practiced his Muslim faith by attending an Islamic Talim study group in the GBCI chapel, participating in Friday prayers or Salatual Jumu'ah, fasting for Ramadan, and maintaining a Halal diet. Brim could perform these religious acts because he was on GBCI's religious services pass list, Ramadan list, and Halal diet list. Prisoners on these lists can attend religious services and receive accommodations, such as Halal foods and meals delivered before sunrise and after sunset during Ramadan.

In April 2015, Brim discovered that his name was no longer on the religious services pass list. On April 28, Brim filed a grievance challenging the "arbitrary decision by chaplain Donovan (and any other GBCI staff involved)" to remove his name from the religious services pass list. Dkt. 16-2, at 13. The institution complaint examiner (ICE) investigated Brim's grievance and determined that the GBCI security director removed Brim from the pass list after receiving a report of Brim's disruptive behavior during Friday prayers on April 10, 2015. Dkt. 16-2, at 9. Among the documents included in the grievance packet were copies of the April 10, 2015 incident report filed by defendant Chad Frappier, a GBCI correctional officer who was a "chapel officer" during the events at issue in this suit. Dkt. 16-2, at 16-19. In the incident report, Frappier indicates that Brim was loudly talking about Islam during Talim and that, after a brief confrontation with another prisoner, Frappier told Brim and the other prisoner to leave the chapel. Frappier also complains that Brim has a history of "pushing his belief system on everyone else." *Id.* at 17. The incident report form indicates

that Frappier's report was forwarded to the security director for "review of possible removal from Chapel." *Id.* at 18.

On June 26, 2015, Brim filed another grievance accusing defendant Donovan of failing to put Brim's name on the Ramadan list in retaliation for Brim's April grievance. On July 1, 2015, Brim filed a third grievance, again accusing Donovan of removing Brim's name from the Halal diet list in retaliation for Brim's April and June grievances. All three of Brim's grievances were dismissed, as were Brim's appeals.

I granted Brim leave to proceed against defendants Frappier, Mike Donovan, the GBCI chaplain, and Scott Eckstein, the warden of GBCI. I concluded that Brim stated claims under the First Amendment free exercise clause and RLUIPA for barring his participation in religious practices by removing his name from the pass list in April 2015, removing his name from the Ramadan list in June 2015, and removing his name from the Halal diet list a few weeks later. I concluded that Brim also stated First Amendment retaliation claims for barring Brim's participation in religious practices in retaliation for (1) Brim's religious discussion during the April Talim and (2) Brim's filing of three formal grievances against defendants and appealing the disciplinary proceedings that resulted from Frappier's April incident report.

ANALYSIS

To succeed on a motion for summary judgment, the moving party must show that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp.*, 414 F.3d

686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). Although Brim did not respond to defendants' motion, defendants must still carry the burden to show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The grievance need not provide "a detailed factual narrative, articulate legal theories, or demand particular relief to exhaust [the prisoner's] administrative remedies, [but] must merely 'object intelligibly to some asserted shortcoming.'" *Stewart v. Cox*, No. 14-cv-665, 2015 WL 9296457, at *3 (W.D. Wis. Dec. 18, 2015) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code §§ DOC 310.07 and 310.09. Failure to follow these rules may require dismissal of the prisoner's claims. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense,

defendants bear the burden of establishing that a plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

After considering the administrative exhaustion record, I conclude that defendants have not carried their burden. Defendants contend that because Brim's grievances did not name Frappier, prison officials did not have notice of Brim's claims against Frappier. But a defendant need not be named in a grievance to satisfy the exhaustion requirement. *See Wille v. Pugh*, No. 13-cv-1024, 2015 WL 5254532, at *6 (E.D. Wis. Sept. 9, 2015). Instead, "the standard is whether the offender complaint would put an official on notice of the plaintiff's claim." *Id.* "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong*, 297 F.3d at 650. Brim's April grievance objected to the "arbitrary decision by chaplain Donovan (and any other GBCI staff involved)" to remove his name from the religious services pass list. Dkt. 16-2, at 13. The ICE determined that Frappier was at least partially responsible for the removal of Brim's name from the pass list. Frappier's incident report was included in the collection of documents concerning Brim's April grievance. Brim's June and July grievances complain of retaliation for Brim's April grievance. The record reflects that prison officials had notice of Brim's claims against Frappier.

Defendants argue that this case is like *Stewart v. Cox*, No. 14-cv-665, 2015 WL 9296457 (W.D. Wis. Dec. 18, 2015). In that case, the prisoner failed to exhaust his administrative remedies when he filed a grievance about the specific medical issues involved in the lawsuit but did not indicate that one of the defendants, Dr. Heinzl, had done anything to harm him. But in that case, the prisoner's grievance contained a favorable description of Heinzl's actions, leaving "prison officials with no reason to think plaintiff was dissatisfied with Heinzel's care." *Id.* at 4. Here, prison officials not only had reason to think that Brim

5

blamed Frappier for the decision to remove his name from the pass list and the subsequent acts of retaliation, they positively identified Frappier as one of the individuals involved. This was enough to provide prison officials with notice of Brim's claims against Frappier. The record shows that Brim exhausted his administrative remedies concerning his claims against Frappier.

ORDER

IT IS ORDERED that defendants Chaplain Mike Donovan, Correctional Officer II Frappier, and Scott Eckstein's motion to dismiss, Dkt. 14, is DENIED.

Entered January 17, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge